**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ALAN R. HERSON, *et al.*,

Plaintiffs,

v.

BAHRA, FARAHI, *et al.*,

Defendants.

Case No. 3:25-CV-00433-MMD-CLB

**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL**

[ECF No. 56]

Before the Court is Attorney Karen Hanks and the Hanks Law Group's ("Hanks") motion to withdraw as counsel for Plaintiffs Alan R. Herson and Carol A. Herson ("Plaintiffs"). (ECF No.56.) The motion states only that Hanks seeks to withdraw as counsel and provides no underlying reason for this request.

"[A]n attorney cannot withdraw from a case without consent of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). "Courts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021); *see also* LR IA 11-6(b) ("If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel. The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.").

When an attorney seeks leave from the court to withdraw from a case "in the absence of the client's consent," the attorney must show that "justifiable cause" exists to do so. *Id.*; *see also McGhee v. Chavez*, 2023 WL 2708765, at *1 (D. Ariz. Mar. 30, 2023). The Court considers four factors when ruling on a motion to withdraw: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety*

*Tech.*, LLC, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010).

The Court's analysis will focus on the first factor—the reasons why withdrawal is sought. *Leatt Corp.*, 2010 WL 444708, at *1. In the motion, there is no explanation or reason provided the request to withdraw. Accordingly, counsel has failed to show justifiable cause to withdraw and the Court declines to grant counsel's request at this time. However, the Court grants Hanks leave to refile this motion in order provide a proper basis and explanation for the requested withdrawal for the Court's consideration.

Accordingly, the motion to withdraw, (ECF No. 56), is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED**: September 28, 2026.

**UNITED STATES MAGISTRATE JUDGE**