UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALAN R. HERSON, an Arizona resident; and CAROL A. HERSON, an Arizona resident,

Plaintiffs.

v.

BAHRAM FARAHI, a Nevada resident; and DESERT OUTDOOR ADVERTISING, INC., a Nevada corporation,

Defendants.

---

BAHRAM FARAHI, a Nevada resident; and DESERT OUTDOOR ADVERTISING, INC., a Nevada corporation,

Counterclaimants,

v.

ALAN R. HERSON, an Arizona resident; and Carol A. HERSON, an Arizona resident;

Counterdefendants.

---

BAHRAM FARAHI, a Nevada resident; and DESERT OUTDOOR ADVERTISING, INC., a Nevada corporation,

Case No. 3:25-cv-00433-MMD-CLB

**ORDER GRANTING STIPULATED PROTECTIVE ORDER**

Third-Party Plaintiffs,

v.

JEFFREY HERSON, an Arizona resident; and DOES 1-10,

Third-Party Defendants.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs/Counterdefendants ALAN R. HERSON and CAROL A. HERSON ("Plaintiffs"), Defendants/Counterclaimants BAHRAM FARAHI ("Farahi") and DESERT OUTDOOR ADVERTISING, INC. ("DOA") (collectively "Defendants"), and Third Party Defendant JEFFREY HERSON ("Jeff Herson"), stipulate as follows to this Stipulated Protective Order and ask the Court to enter its order upon the same:

**1. Confidential Documents.** Certain documents produced or information provided by any party during the course of this may be designated and deemed confidential ("Confidential Documents") and shall not be disclosed by any party or any party's representative or attorneys except as provided by this Stipulated Protective Order. The "Confidential Documents" shall be designated with a "Confidential" stamp at the top or bottom of such documents. Documents that may be deemed confidential include, but are not limited to, non-public financial statements, bank account statements, tax returns, account ledgers, checks or other financial information. To the extent such documents are obtained from a third party, any party may designate the documents as "Confidential" within fourteen (14) days of receipt of those documents.

**2. Court Determination of Disagreements.** The Parties shall meet and confer in good faith to resolve disagreements on confidentiality designations. If the Parties are unable to

agree as to the propriety of a confidentiality designation, the Parties will see to have the issue resolved via a conference with the Court pursuant to FRCP 16.

**3. Scope of Use.** Confidential Documents and the information contained in them ("Confidential Information") shall be used by the recipient party only for the purpose of this action and may be disclosed for such purpose only to attorneys for the parties (and the attorney's staff), experts and/or consultants retained to assist on this case, the Court and all persons assisting the Court in this action, court reporters taking testimony involving such information, and any other support service necessary for providing support to the Court and parties in this case. If Confidential Information is disclosed to any person, the Confidential Information contained in any resultant work product remains confidential and subject to this Stipulated Protective Order.

**4. Expert Disclosures.** Any expert and/or consultant, third-party witness, and court reporter to whom the parties provide access to Confidential Documents or Confidential Information, shall, before receipt of the same, be given a copy of this Stipulated Protective Order and sign a certification that he or she has read it, understands its terms and agrees to be bound by it. Such certification is attached as **Exhibit 1**.

**5. Nondisclosures.** A person permitted access to the Confidential Documents or Confidential Information pursuant to this Stipulated Protective Order shall not disclose or disseminate the same to any person other than as permitted in this Order.

**6. Sealed Filings and Discovery.** Confidential Documents and Confidential Information may only be filed under seal pursuant to LR IA 10-5, including if Confidential Documents or Confidential Information are included in (a) exhibits to affidavits/declarations; (b) discovery requests or discovery responses; (c) pleadings, motions, or responses thereto, or any

other document or filing of any type; or (d) at any deposition, hearing, oral argument or trial in this action.

**7. Return or Destruction.** On the final, non-appealable determination of this action, whether by judgment, settlement or otherwise, all Confidential Documents and Confidential Information, and all copies of them, shall, at the election of the producing party, be either returned to the respective Party who produced the same or destroyed with a certification of destruction from all recipients.

**8. Further Orders.** Nothing in this Order shall prevent any of the parties from applying to the Court for further or additional protective orders.

**9. No Retention of Jurisdiction.** Following the conclusion of this matter, the Court shall not retain jurisdiction over this Stipulated Protective Order. Should a subsequent violation of the Stipulated Protective Order occur, the parties must seek relief through a new, independent action in the appropriate court.

This document does not contain the personal information of any person.

DATED this 22nd day of October, 2026.

ANDERSON KEUSCHER BRACHMANN

By: /s/ Dane W. Anderson.
Dane W. Anderson, Esq.
*Attorneys for Defendant*

By: /s/ Jeffrey Herson.
Jeffrey Herson
*Pro Per*

By: /s/ Alan Herson
Alan Herson
*Attorney for Plaintiffs*

**IT IS SO ORDERED**

US MAGISTRATE JUDGE

DATED: October 26, 2026

# EXHIBIT 1

EXHIBIT 1

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated ___________________, in ____________________________________, Civil No. 3:25-cv-00433-MMD-CLB. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information –- including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED:______________________________.

_________________________________